IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MINDY A. SANDERS,<br><br>Plaintiff,<br><br>v.<br><br>GUT WHISPERER, P.C.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Case No. 2:26-cv-00341<br><br>Judge Tena Campbell<br>Magistrate Judge Jared C. Bennett |

Before the court is a motion for judgment on the pleadings filed by Defendant Gut Whisperer, P.C. (Gut Whisperer). (ECF No. 13.) Gut Whisperer moves the court to dismiss the Plaintiff's claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964, arguing that the Complaint fails to allege discrimination or retaliation on the basis of any class protected under that statute. (Id. at 3–4.)

Gut Whisperer filed its motion on September 30, 2026. Plaintiff Mindy A. Sanders did not respond to the motion within the required time. See DUCivR 7-1(a)(4)(A)(iii) (requiring a response to a motion under Rule 12(c) of the Federal Rules of Civil Procedure to be filed within 28 days after service of the motion). The Defendant's motion is therefore unopposed and the court may "grant[] the motion without further notice." DUCivR 7-1(f).

The court finds that the motion is meritorious. Ms. Sanders alleges that she faced unlawful discrimination and retaliation due to a neck injury and her requests for a reasonable accommodation concerning that injury. (Compl. ¶¶ 10–37, ECF No. 1.) But while Ms. Sanders

cites both Title VII and the Americans with Disabilities Act of 1990 (ADA), only the ADA provides that it is unlawful to discriminate against an employee on the basis of disability or to retaliate against that employee for engaging in protected activity to oppose discrimination on the basis of disability. 42 U.S.C. § 12112(a) (prohibiting a covered employer from discriminating against a qualified individual on the basis of disability in employment decisions); id. § 12203(a) (prohibiting retaliation against individuals who oppose unlawful practices under the statute); Jarrett v. Sprint/United Mgmt. Co., 37 F. Supp. 2d 1283, 1287 (D. Kan. 1999), aff'd, 203 F.3d 835 (10th Cir. 2000) ("Title VII does not protect an individual from discrimination on the basis of actual or perceived disability."); Strumpf v. Colo. Dep't of Corr., No. 24-cv-00908-CYC, 2025 WL 1918123, at *3 (D. Colo. July 11, 2025) (holding that Title VII retaliation claims premised on opposition to disability discrimination fail because disability is not a protected class under Title VII).

Accordingly, the court dismisses Ms. Sanders's claims for discrimination and retaliation under Title VII.

**ORDER**

For the reasons stated above, the court ORDERS as follows:

1. The Defendant's motion for judgment on the pleadings (ECF No. 13) is GRANTED.

2. The court dismisses with prejudice the Plaintiff's claims under Title VII. The court's ruling does not affect the Plaintiff's remaining claims for discrimination and retaliation under the ADA.

DATED this 2nd day of November, 2026.

BY THE COURT:

Tena Campbell
United States District Judge